[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of appellant, James Thomas', commitment on the charge of abduction to the Department of Youth Services ("DYS"), which was imposed by the Warren County Common Pleas Court, Juvenile Division.[1]
Appellant's first and second assignments of error are overruled for the reason that the juvenile court did not violate appellant's constitutional rights and did not abuse its discretion by imposing a suspended commitment to DYS.
The purpose of maintaining a juvenile court is different from that of the criminal justice system for adults and a juvenile court is given discretion to make any disposition the court finds proper. See In reBracewell (1998), 126 Ohio App.3d 133, 136. While a juvenile court must observe specific due process requirements, wide latitude is given to the juvenile court in conducting its proceedings. See In re Ravanna T (Aug. 1, 1997), Lucas County App., No. L96-371, unreported, citing In re Gault
(1967), 387 U.S. 1, 87 S.Ct. 1428.
A juvenile court may properly commit a delinquent minor to DYS for a probation violation even though a suspended commitment was not imposed at the time of the initial disposition. In re Guy (Mar. 27, 1997), Butler App. No. CA96-10-196, unreported; In re Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613, unreported; In re Peggy L. (Dec. 8, 1995), Lucas App. No. L-95-109, unreported. See In the Matter of Cordale R. (Jan. 10, 1997), Erie App. No. E-96-019, unreported. Where probation is conditioned on certain terms, the sentence can be modified for noncompliance with those terms. In re Guy.
Based upon the record provided, appellant was notified of the consequences of his admissions. In addition, appellant was told during the dispositional hearing wherein his commitment to DYS was suspended that his failure to abide by the orders of the court to successfully complete the Butler County Rehabilitation Center would result in the commitment to DYS.
Appellant's third assignment of error is overruled for the reason that the imposition of the suspended commitment to DYS did not violate the double jeopardy clauses of the United States and Ohio Constitutions. Inre Bracewell, 126 Ohio App.3d at 139. When a probation sentence is made subject to certain conditions, the appellant has no reasonable expectation of finality in that sentence. In re Kelly (Nov. 7. 1995), Franklin App. No. 95APF05-613, unreported; see R.C. 2151.011; R.C.2151.355.
Appellant's fourth assignment of error is sustained for the reason that we cannot ascertain whether the juvenile court properly provided for the days to be credited toward appellant's minimum commitment on the abduction offense.
We reverse on this issue and remand with instructions for the juvenile court to calculate and grant credit to appellant consistent with our opinion in In re David Price (Mar. 25, 2002), Butler App. No. CA2001-02-035, unreported.
As outlined in Price, the juvenile court shall determine the applicable credit for time served pursuant to the two juvenile statutes in effect at the time of offense of abduction, which in this case is former R.C.2151.355(E)(6)[2] and R.C. 2151.011(B)(3).[3] Unfortunately, we cannot determine from the record before us the dates that appellant spent in the temporary care pending adjudication and disposition on the abduction offense. Therefore, the juvenile court must make that determination on remand.
Judgment is affirmed in part, reversed in part, and remanded.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed to appellant.
William W. Young, Presiding Judge, Anthony Valen, Judge, and Stephen W. Powell, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] R.C. 2151.355(E)(6) was the statute in effect at the time of appellant's delinquent act of abduction. The statute was repealed by the Juvenile Justice Reform Act. The pertinent language here now appears in R.C. 2152.18(B). R.C. 2151.355(E)(6) stated that the juvenile court shall state in the order of commitment to DYS the total number of days that the child has been held in detention in connection with the delinquent child complaint upon which the order of commitment is based. DYS shall reduce the minimum period of institutionalization by both the total number of days that the child has been so held in detention as stated by the order of commitment and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.
[3] R.C. 2151.011(B)(3) was the version of the statute in effect at the time of appellant's delinquent act of abduction. R.C. 2151.011(B)(3) stated that detention means the temporary care of children in restricted facilities pending court adjudication or disposition. The amended language of the statute now appears in R.C. 2151.011(B)(13).